IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES DEITZMAN, Independent Executor of the Estate of RUBY DEITZMAN, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. |
| BETHANY HEALTH, L.L.C., JOSEPH TUTERA and LUCILLE TUTERA, | ) ) ) | |
| Defendants. | ) ) | JURY DEMAND |

**COMPLAINT AT LAW**

NOW COMES Plaintiff, CHARLES DEITZMAN, Independent Executor of the Estate of RUBY DEITZMAN, Deceased, by and through his attorneys, Robert J. Rooth of THE ROOTH LAW FIRM, A Professional Corporation, and complaining against Defendants, BETHANY HEALTH, LLC., JOSEPH TUTERA and LUCILLE TUTERA, states the following:

**JURISDICTION**

1. That Plaintiff, CHARLES DEITZMAN, is a citizen of the State of Illinois, domiciled in the City of Davis Junction, Illinois.

2. That Defendant, BETHANY HEALTH, LLC., is a limited liability corporation incorporated under the laws of the State of Missouri, with its principal place of business located in Kansas City, Missouri.

3. That Defendant, JOSEPH TUTERA is a citizen of the State of Missouri, domiciled in Kansas City, Missouri.

4. That Defendant, LUCILLE TUTERA is a citizen of the State of Missouri, domiciled in Kansas City, Missouri.

5. That Defendants, JOSEPH TUTERA and LUCILLE TUTERA, are the only members of BETHANY HEALTH, L.L.C. and Defendant, JOSEPH TUTERA, is the sole manager of BETHANY HEALTH, L.L.C..

6. That this cause involves an amount in controversy in excess of Seventy Five thousand dollars ($75,000.00), exclusive of costs and interest.

7. That subject matter jurisdiction is proper pursuant to 28 U.S.C. Sec. 1332.

## VENUE

1. That the occurrence giving rise to this litigation occurred within the Northern District of Illinois in the City of DeKalb, Illinois.

2. That venue is proper within the Northern District of Illinois pursuant to 28. U.S.C. Section 1391.

## COUNT I

1. That on and before September 3, 2013 and at all times relevant herein Defendant, BETHANY HEALTH, L.L.C. was a corporation, which, operated, maintained, managed and was the licensee of a certain long-term skilled care facility commonly known as BETHANY HEALTHCARE AND REHABILITATION CENTER, located at 3298 Resource Parkway, DeKalb, Illinois.

2. That on and before September 3, 2013 and at all times relevant herein Defendants, JOSEPH TUTERA and LUCILLE TUTERA were the owners of BETHANY HEALTHCARE AND REHABILITATION CENTER within the meaning of the Illinois Nursing Home Care Act, 210 ILCS 45/1-101, et. seq.

3. That on and before September 3, 2013 and at all times relevant herein, Plaintiff's decedent, RUBY DEITZMAN, was a resident at BETHANY HEALTHCARE AND REHABILITATION CENTER.

4. That at the time and place referred to in Paragraph Three above, and at all times relevant herein, Defendants, BETHANY HEALTH, L.L.C., JOSEPH TUTERA and LUCILLE TUTERA, each of them, by and through their employees and agents, owed Plaintiff's decedent, RUBY DEITZMAN, a duty to exercise reasonable and ordinary care for her safety in rendering custodial services pursuant to the Nursing Home Care Act, 210 ILCS 45/1-101, et. seq.

5. That notwithstanding the duty they owed to Plaintiff's decedent, RUBY DEITZMAN, Defendants, BETHANY HEALTH, L.L.C., JOSEPH TUTERA and LUCILLE TUTERA, each of them, by and through their employees and agents, breached that duty by committing one or more of the following acts or omissions:

(a) Carelessly and negligently failing to recognize seriousness of Ms. Deitzman's condition; or

(b) Carelessly and negligently failing to call for emergency medical services to take Ms. Deitzman to the hospital on the morning of September 3, 2013 when she was found to have large amounts of bleeding and clots from the perineum; or

(c) Carelessly and negligently failing to call for emergency medical services to take Ms. Deitzman to the hospital in the afternoon of September 3, 2013 when she was found to be pale and diaphoretic; or

(d) Carelessly and negligently failing to immediately notify a physician of signs and symptoms of shock including pallor, diaphoresis and shortness of breath when Ms. Deitzman returned from the ultrasound appointment on September 3, 2013; or

(e) Carelessly and negligently failing to adequately monitor and assess, Ms. Deitzman's condition and vital signs when she returned from ultrasound appointment on September 3, 2013; or

(f) Carelessly and negligently failing to recognize that Ms. Deitzman was experiencing medication- induced coagulopathy that necessitated emergent intervention.

6. That as a direct and proximate result of one or more of the foregoing acts or omissions of the Defendants, BETHANY HEALTH, L.L.C., JOSEPH TUTERA and LUCILLE TUTERA, each of them, by and through their employees and agents, Plaintiff's decedent, RUBY DEITZMAN, suffered excessive bleeding which caused her to develop shock and ultimately death on September 3, 2013.

7. That as a further direct and proximate result of one or more of the foregoing acts or omissions of the Defendants, BETHANY HEALTH, L.L.C., JOSEPH TUTERA and LUCILLE TUTERA, each of them, by and through their employees and agents, Plaintiff's decedent, RUBY DEITZMAN sustained serious and permanent personal injuries thereby causing her to endure great physical and emotional pain and suffering, further causing her to become disabled and unable to attend to the ordinary affairs of her life prior to her death pursuant to the Illinois Survival Act.

8. That the acts and omissions referred to in Paragraph Four above constituted neglect within the meaning of the Illinois Nursing Home Care Act.

WHEREFORE, Plaintiff, CHARLES DEITZMAN, Independent Executor of the Estate of RUBY DEITZMAN, Deceased, prays for judgment against Defendants, BETHANY HEALTH, L.L.C., JOSEPH TUTERA and LUCILLE TUTERA, each of them, jointly and severally, in the amount of TWO MILLION DOLLARS ($2,000,000.00), attorneys fees and costs pursuant to 210 ILCS 45/3-602.

**COUNT II**

1. That on and before September 3, 2013 and at all times relevant herein Defendant, BETHANY HEALTH, L.L.C. was a corporation, which operated, maintained, managed and was the licensee of a certain long-term skilled care facility commonly known

as BETHANY HEALTHCARE AND REHABILITATION CENTER, located at 3298 Resource Parkway, DeKalb, Illinois.

2. That on and before September 3, 2013 and at all times relevant herein Defendants, JOSEPH TUTERA and LUCILLE TUTERA were the owners of BETHANY HEALTHCARE AND REHABILITATION CENTER.

3. That on and before September 3, 2013 and at all times relevant herein, Plaintiff's decedent, RUBY DEITZMAN, was a resident at BETHANY HEALTHCARE AND REHABILITATION CENTER.

4. That at the time and place referred to in Paragraph Three above, and at all times relevant herein, Defendants, BETHANY HEALTH, L.L.C., JOSEPH TUTERA and LUCILLE TUTERA, each of them by and through their employees and agents, owed Plaintiff's decedent, RUBY DEITZMAN, a duty to exercise reasonable and ordinary care for her safety.

5. That notwithstanding the duty they owed to Plaintiff's decedent, RUBY DEITZMAN, Defendants, BETHANY HEALTH, L.L.C., JOSEPH TUTERA and LUCILLE TUTERA, each of them, by and through their employees and agents, breached that duty by committing one or more of the following acts or omissions:

    (a) Carelessly and negligently failing to recognize seriousness of Ms. Deitzman's condition; or

    (b) Carelessly and negligently failing to call for emergency medical services to take Ms. Deitzman to the hospital on the morning of September 3, 2013 when she was found to have large amounts of bleeding and clots from the perineum; or

    (c) Carelessly and negligently failing to call for emergency medical services to take Ms. Deitzman to the hospital in the afternoon of September 3, 2013 when she was found to be pale and diaphoretic; or

  (d)  Carelessly and negligently failing to immediately notify a physician of signs and symptoms of shock including pallor, diaphoresis and shortness of breath when Ms. Deitzman returned from the ultrasound appointment on September 3, 2013; or

  (e)  Carelessly and negligently failing to adequately monitor and assess, Ms. Deitzman's condition and vital signs when she returned from ultrasound appointment on September 3, 2013; or

  (f)  Carelessly and negligently failing to recognize that Ms. Deitzman was experiencing medication- induced coagulopathy that necessitated emergent intervention.

  6.  That as a direct and proximate result of one or more of the foregoing acts or omissions of the Defendants, BETHANY HEALTH, L.L.C., JOSEPH TUTERA and LUCILLE TUTERA, each of them, by and through their employees and agents, Plaintiff's decedent, RUBY DEITZMAN, died on September 3, 2013.

  7.  That as a further direct and proximate result of one or more of the foregoing acts or omissions of the Defendants, BETHANY HEALTH, L.L.C., JOSEPH TUTERA and LUCILLE TUTERA, each of them, by and through their employees and agents, the next-of-kin of RUBY DEITZMAN sustained tremendous grief and sorrow and great pecuniary damage, including the loss of love, society, affection and companionship of RUBY DEITZMAN.

  8.  That pursuant to the Illinois Wrongful Death Act, the next-of-kin of RUBY DEITZMAN, Deceased, are as follows:

    Charles Deitzman    Son

    Patricia Pinkston    Daughter

  9.  That pursuant to and in compliance with Section 5/2-622 of the Illinois Code of Civil Procedure, Plaintiff has attached hereto an attorney's affidavit and reviewing health professional's report.

WHEREFORE, Plaintiff, CHARLES DEITZMAN, Independent Executor of the Estate of RUBY DEITZMAN, Deceased, prays for judgment against Defendants, BETHANY HEALTH, L.L.C., JOSEPH TUTERA and LUCILLE TUTERA, each of them, in the amount of TWO MILLION DOLLARS ($2,000,000.00), plus the costs of this action.

s/ Robert J. Rooth
Robert J. Rooth

**JURY DEMAND**

NOW COMES Plaintiff, CHARLES DEITZMAN, Independent Executor of the Estate of RUBY DEITZMAN, Deceased, by and through his attorneys, Robert J. Rooth of THE ROOTH LAW FIRM, A Professional Corporation and hereby demands trial by jury on all matters alleged herein.

s/ Robert J. Rooth
Robert J. Rooth

Attorney for Plaintiff
THE ROOTH LAW FIRM, A Professional Corporation
1330 B Sherman Avenue
Evanston, Illinois 60201
847.869.9100
ARDC No.: 6188521

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| CHARLES DEITZMAN, Independent Executor of the Estate of RUBY DEITZMAN, Deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) No. ) |
| BETHANY HEALTH, L.L.C., JOSEPH TUTERA and LUCILLE TUTERA, | ) ) ) |
| Defendants. | ) JURY DEMAND ) |

**ATTORNEY'S AFFIDAVIT PURSUANT TO**
**SECTION 5/2-622 OF THE ILLINOIS CODE OF CIVIL PROCEDURE**

I, Robert J. Rooth, under the penalties of perjury as stated in Section 1-109 of the Illinois Code of Civil Procedure, do hereby state and depose the following:

1. That I am the attorney for the Plaintiff, Charles Deitzman, Independent Executor of the Estate of Ruby Deitzman, Deceased, in this matter.

2. That I have consulted and reviewed the facts of this case with a health professional who I reasonably believe is knowledgeable in the relevant issues involved in this particular action, currently practice within the same area of medicine that is at issue in this particular action and is qualified by experience in the subject of this case.

3. That the reviewing health professional has determined in written reports, after a review of the medical records involved in this particular action that there is a reasonable and meritorious cause for the filing of this action against Bethany Health, LLC, Joseph Tutera and Lucille Tutera. True and accurate copies of said reports are attached hereto.

4. That the reviewing health professional is a physician licensed to practice medicine in all its branches and is board certified in the area of internal medicine.

5. That I have concluded on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for the filing of this action.

2

                                                                                s/Robert J. Rooth
                                                                                  Robert J. Rooth

Attorney for Plaintiff
THE ROOTH LAW FIRM, A Professional Corporation
1330 B Sherman Avenue
Evanston, Illinois 60201
847.869.9100
ARDC No.: 6188521

2

## Physician's Report Pursuant to
## Section 5/2-622 of the Illinois Code of Civil Procedure

I certify that I am a physician licensed to practice medicine in all its branches in the States of Illinois and Wisconsin. I specialize in the area internal medicine and practice as an internist in the State of Illinois. I am board certified in the area of internal medicine.

After a review of the medical records of the treatment of Ruby Deitzman from Bethany Healthcare and Rehabilitation Center and the Illinois Department of Public Health, it is my opinion based upon a reasonable degree of medical certainty that there is a reasonable and meritorious cause for the filing of an action against Joseph Tutera nad Lucille Tutera.

Ruby Deitzman was an 89-year-old resident of Bethany Healthcare and Rehabilitation Center. Her past medical history is consistent with Hypertension, TIA, Macular Degeneration, Osteoporosis, Rheumatoid Arthritis, back pain, right hip replacement, Atrial Fibrillation, CHF, Hypothyroidism, GERD, Depression. In August, she was started on Xarelto, an anti-coagulant for stoke prevention, in addition to the aspirin she was already taking. On the morning of September 3, 2013, the nurse was called to her room upon shift change, due to large amount of perineal bleeding with numerous clots. The attending physician was informed and ordered a pelvic ultrasound and an appointment with a gynecologist. Ms. Deitzman went to the ultrasound appointment and returned at 12:15 p.m. She was noted to be pale and diaphoretic upon her return to Bethany. Despite this condition, she was sent out to the gynecologist's office for her appointment. When she arrived at the physician's office, she was found to be pale and hypotensive with agonal breathing. EMS was

called immediately and she was taken to Kishwaukee Hospital and pronounced dead on arrival at 1:40 p.m. The immediate cause of death per death certificate is noted to be Shock, Congestive Heart Failure and Vaginal Bleeding.

Under the circumstances that were present, the standard of care required the Bethany nursing staff to assess Ms. Deitzman's vital signs, have an appropriate level of concern for any signs of excessive bleeding and call for emergency medical care and hospitalization for signs of impending shock.

It is my understanding that Joseph Tutera and Lucille Tutera were the owners of Bethany Healthcare and Rehabilitation Center.

It is my opinion, based upon a reasonable degree of medical certainty that Joseph Tutera and Lucille Tutera, by the nursing staff at Bethany Healthcare and Rehabilitation Center deviated from the applicable standard of care in the following respects:

    a. Failing to recognize seriousness of Ms. Deitzman's condition;

    b. Failing to call for emergency medical services to take Ms. Deitzman to the hospital on the morning of September 3, 2013 when she was found to have large amounts of bleeding and clots from the perineum.

    c. Failing to call for emergency medical services to take Ms. Deitzman to the hospital in the afternoon of September 3, 2013 when she was found to be pale and diaphoretic.

    d. Failing to immediately notify a physician of signs and symptoms of shock including pallor, diaphoresis and shortness of breath when Ms. Deitzman returned from the ultrasound appointment on September 3, 2013.

    e. Failing to adequately monitor and assess, Ms. Deitzman's condition and vital signs when she returned from ultrasound appointment on September 3, 2013.

  f. Failing to recognize that Ms. Deitzman was experiencing medication-induced coagulopathy that necessitated emergent intervention.

It is my opinion based upon a reasonable degree of medical certainty that one or more of the foregoing acts or omissions caused or contributed to Ruby Deitzman's death on September 3, 2011.

Date: 3/26/14

## Physician's Report Pursuant to
## Section 5/2-622 of the Illinois Code of Civil Procedure

I certify that I am a physician licensed to practice medicine in all its branches in the States of Illinois and Wisconsin. I specialize in the area internal medicine and practice as an internist in the State of Illinois. I am board certified in the area of internal medicine.

After a review of the medical records of the treatment of Ruby Deitzman from Bethany Healthcare and Rehabilitation Center and the Illinois Department of Public Health, it is my opinion based upon a reasonable degree of medical certainty that there is a reasonable and meritorious cause for the filing of an action against Bethany Health, L.L.C.

Ruby Deitzman was an 89-year-old resident of Bethany Healthcare and Rehabilitation Center. Her past medical history is consistent with Hypertension, TIA, Macular Degeneration, Osteoporosis, Rheumatoid Arthritis, back pain, right hip replacement, Atrial Fibrillation, CHF, Hypothyroidism, GERD, Depression. In August, she was started on Xarelto, an anti-coagulant for stoke prevention, in addition to the aspirin she was already taking. On the morning of September 3, 2013, the nurse was called to her room upon shift change, due to large amount of perineal bleeding with numerous clots. The attending physician was informed and ordered a pelvic ultrasound and an appointment with a gynecologist. Ms. Deitzman went to the ultrasound appointment and returned at 12:15 p.m. She was noted to be pale and diaphoretic upon her return to Bethany. Despite this condition, she was sent out to the gynecologist's office for her appointment. When she arrived at the physician's office, she was found to be pale and hypotensive with agonal breathing. EMS was

called immediately and she was taken to Kishwaukee Hospital and pronounced dead on arrival at 1:40 p.m. The immediate cause of death per death certificate is noted to be Shock, Congestive Heart Failure and Vaginal Bleeding.

Under the circumstances that were present, the standard of care required the Bethany nursing staff to assess Ms. Deitzman's vital signs, have an appropriate level of concern for any signs of excessive bleeding and call for emergency medical care and hospitalization for signs of impending shock.

It is my opinion, based upon a reasonable degree of medical certainty that Bethany Health, L.L.C., by the nursing staff at Bethany Healthcare and Rehabilitation Center, deviated from the applicable standard of care in the following respects:

a. Failing to recognize seriousness of Ms. Deitzman's condition;

b. Failing to call for emergency medical services to take Ms. Deitzman to the hospital on the morning of September 3, 2013 when she was found to have large amounts of bleeding and clots from the perineum.

c. Failing to call for emergency medical services to take Ms. Deitzman to the hospital in the afternoon of September 3, 2013 when she was found to be pale and diaphoretic.

d. Failing to immediately notify a physician of signs and symptoms of shock including pallor, diaphoresis and shortness of breath when Ms. Deitzman returned from the ultrasound appointment on September 3, 2013.

e. Failing to adequately monitor and assess, Ms. Deitzman's condition and vital signs when she returned from ultrasound appointment on September 3, 2013.

f. Failing to recognize that Ms. Deitzman was experiencing medication-induced coagulopathy that necessitated emergent intervention.

It is my opinion based upon a reasonable degree of medical certainty that one or more of the foregoing acts or omissions caused or contributed to Ruby Deitzman's death on September 3, 2013.

Date: 3/21/14